IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHN DANIEL FAILS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> TONY HARBAUGH–SHERIFF, PAT ROOS–UNDERSHERIFF, MR. ROLAND–SECURITY SERGEANT, and KIM JERKE–RN, <br><br> Defendants. | CV 17-00120-BLG-SPW-TJC <br><br><br> ORDER |

Plaintiff John Fails, a prisoner proceeding in forma pauperis and without counsel, has filed a Motion to Reconsider Appointment of Counsel. (Doc. 23.)

Local Rule 7.3 provides as follows:

(a) Leave of Court Required. No one may file a motion for reconsideration of an interlocutory order without prior leave of court.

(b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration may seek reconsideration only of an interlocutory order, must be limited to 2,275 words or, for pro se litigants, seven pages, and must specify why it meets at least one of the following:
    (1)  (A)  the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and

1

>           (B)     despite the exercise of reasonable diligence, the
>                   party applying for reconsideration did not know
>                   such fact or law before entry of the order; or
>     (2)    new material facts arose or a change of law occurred
>            after entry of the order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave
> to file a motion for reconsideration of an interlocutory order may
> repeat any oral or written argument made by the applying party before
> entry of the order. Violation of this restriction subjects the offending
> party to appropriate sanctions.

Mr. Fails has failed to comply with this local rule. First, he did not file a motion for leave to file a motion for reconsideration. Out of an abundance of caution, however, the Court will liberally construe Mr. Fails's filing as a motion for leave to file a motion for reconsideration.

Secondly, Mr. Fails does not establish that the facts or applicable law are materially different from the facts or law presented in his previous motion. He does not indicate that new material facts emerged after entry of the Court's order denying his request for counsel. Instead, Mr. Fails argues that his appendix of medical records clearly proves that his claims are complex. He cites to the case *Agyeman v. Corrections Corporation of America*, 390 F.3d 1101 (9th Cir. 2004) in which the Ninth Circuit held that the district court abused its discretion in declining to appoint counsel for the plaintiff. The Ninth Circuit found the *Agyeman* case to be complex and the circumstances to be exceptional based upon

complicated legal issues involving the complicated intersection between *Bivens*, the Federal Tort Claims Act, and 42 U.S.C. § 1983 as they applied to private prison operators and employees. Further, Mr. Agyeman was a native of Ghana who was incarcerated on noncriminal charges for seven years. *Id.*

In contrast, Mr. Fails's case involves an alleged denial of medical care for a very short period of time between June 20, 2017 and August 1, 2017 while Mr. Fails was incarcerated in Custer County, Montana. (Complaint, Doc. 2 at 6.) Mr. Fails is raising medical care claims but otherwise the legal and/or factual issues do not appear to be so complex as to create exceptional circumstances justifying a request for counsel. Mr. Fails has still not demonstrated a likelihood of success on the merits or that he is incapable of articulating his claims pro se.

The Court will not reconsider the denial of the request for the appointment of counsel at this time.

Accordingly, the Court issues the following:

**ORDER**

1. Mr. Fails's Motion to Reconsider Appointment of Counsel (Doc. 23) is DENIED.

2. At all times during the pendency of this action, Mr. Fails MUST IMMEDIATELY ADVISE the Court of any change of address. A failure to do so

may result in the dismissal of the action for failure to prosecute.

DATED this 27th day of June, 2018.

                                                             */s/ Timothy J. Cavan*
                                                             Timothy J. Cavan
                                                             United States Magistrate Judge