

FILED
MAR 0 2019
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHN DANIEL FAILS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> TONY HARBAUGH- SHERIFF, PAT ROOS- UNDERSHERIFF, ROLAND MCGRATH- SECURITY SERGEANT, and KIM JERKE- R.N., <br><br> Defendants. | CV-17-120-BLG-SPW-TJC <br><br> ORDER |

Pending before the Court is Plaintiff Fails' Fed. R. Civ. P. 56 motion for summary judgment.[1] See, (Doc. 26.) For the reasons discussed herein, Fails' Motion for Summary Judgment will be denied.

I. **Background**

Plaintiff John Daniel Fails, Jr., appearing pro se, was incarcerated at the Custer County Detention Center ("CCDC") in Miles City, Montana, from June 13, 2017, to August 1, 2017. Defendant Tony Harbaugh is the Sheriff of Custer County; Defendant Pat Roos is the Custer County Undersheriff; Defendant Roland

---

[1] Defendants have also filed a Motion for Summary Judgment, (Doc. 42), that will be addressed by separate order.

1

McGrath[2] is the Detention Sergeant of the CCDC; and Defendant Kim Jerke is a registered nurse who provides medical services for inmates incarcerated at CCDC.

Fails was extradited from Pocatello, Idaho on outstanding warrants and transported to Custer County. On June 13, 2017, Fails arrived at the CCDC and was held in custody awaiting resolution of his criminal matters. On August 1, 2017, Fails was transferred out of the CCDC and into the custody of the Park County Detention Center in Livingston, Montana.

Prior to his arrival at CCDC, Fails had been working with an Idaho physician, Dr. Richard Curtis, to manage his Type 1 diabetes and to treat diabetic ulcers on his feet. Upon his arrival at CCDC, Fails met with Registered Nurse Jerke to discuss his medical issues. Jerke arranged for Fails to see a local physician, Dr. Diane Cadwell. On June 20, 2017, Dr. Cadwell ordered a course of care for Fails which included medication, regular monitoring of Fails' blood levels, a specific diet, and cleaning and bandaging Fails' foot ulcers.

Fails complains Nurse Jerke did not follow Dr. Cadwell's orders while treating him at CCDC and, accordingly, failed to provide adequate medical care

---

[2]In his complaint, Fails named "Mr. Roland." In their Answer, Defendants identified this individual as Detention Sergeant Roland McGrath. (See, Doc. 15 at 2.) The Clerk of Court will be directed to amend the caption in this matter to reflect Detention Sergeant Roland McGrath as the properly named defendant.

2

under the Fourteenth Amendment of the United States Constitution.

Next, Fails asserts Sheriff Harbaugh and Undersheriff Roos both failed to protect his rights by inadequately training CCDC staff in violation of his constitutional rights. Fails complains that Roos decided Fails should only be provided double portions of meals at dinnertime, in contravention of Dr. Cadwell's orders.

Finally, Fails alleges Sergeant McGrath abused his position by acting as a trained medical professional. Fails asserts McGrath ordered that Fails be segregated in a holding cell as a form of punishment for his diabetes in violation of the Americans with Disabilities Act ("ADA").

Fails alleges that as a result of Defendants' collective actions, his blood sugar dropped to dangerously low levels, which resulted in his two separate hospitalizations at the Holy Rosary Hospital in Miles City. Fails also alleges that due to the inadequate care at CCDC, his diabetic foot ulcers developed into bone infections, which required ongoing medical care. This care included weeks of antibiotics, installation of an intravenous PICC line, and amputation of the small toe on his right foot.

Fails' claims are advanced under authority of 42 U.S.C. § 1983, thereby invoking the federal question jurisdiction of this Court pursuant to 28 U.S.C. §

1331.

## II. Applicable Law

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

Once the moving party has satisfied his burden, he is entitled to summary judgment if the non-moving party fails to designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Finally, in deciding a

motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

### III. Fails' Motion for Summary Judgment

In Fails' Motion for Summary Judgment, he reiterates his claims that the named Defendants acted with deliberate indifference to his serious medical needs. (Doc. 26 at 1.) Fails then cites Ninth Circuit case law which he believes supports his contention that Defendants acted with deliberate indifference and concludes he is entitled to summary judgment as a matter of law because the "[e]vidence proves that a jury will render a verdict in his favor." *Id.* at 2-3. Additionally, Fails, somewhat incredibly, asserts the "Defendants do not dispute any of these claims alleged in Plaintiff's Amended Complaint." *Id.* at 1.

In response to the Amended Complaint, and in their response to Fails' Motion for Summary Judgment, Defendants have denied Fails' allegations in their entirety. (See, Docs. 15, 31.) Regardless of Fails' characterization, it is clear that there are genuine issues of fact which Defendants dispute. Fails cannot meet his burden under Fed. R. Civ. P. 56 simply by asserting his false and conclusory belief that Defendants do not dispute his claims.

Defendants argue Fails has not met the legal standards outlined above, nor complied with the Local Rules. (See, Doc. 30 at 2-4.) The Court agrees. Although he filed a Statement of Undisputed Facts, (Doc. 27), the filing does not comport with Local Rule 56.1(a). The Rule requires a party seeking summary judgment to simultaneously file a Statement of Undisputed Facts which sets forth in serial form each fact upon which the party relies to support the motion and provide pinpoint citations to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to support each fact. See, Local Rule 56.1(a)(1)-(2). Fails' Statement sets forth various legal standards and arguments in support of his claims, (see, Doc. 27 at 1-3), addresses the Defendants' defense that Fails failed to exhaust his administrative remedies, *id.* at 3-4, and disputes Defendants' assertion of immunity, *id.* at 4-5, but it does not set forth the facts he believes support his motion.

Additionally, Fails does not provide citation to specific documents in the record which support his motion, rather he "pinpoints his claims in his Complaint, Amended Complaint, all Exhibits in record, the Appendix, Sworn Declarations, Affidavit(s), etc..., to support his motion for summary judgment." *Id.* at 5. This broad catchall statement does not assist the Court, nor does it serve to advance Fails' summary judgment argument. Fails has failed to meet his burden of

establishing the absence of a genuine issue of material fact. Fed. R. Civ. Pro. 56(a); *Celotex*, 477 U.S. at 323.

Based upon Fails' failure to comply with the Local Rules and failure to meet his summary judgment burden as required, Fails' Motion for Summary Judgment (Doc. 26) will be denied.

### IV. Fails' Motion to Reinstate Motion for Summary Judgment

Although somewhat difficult to follow, Fails also seeks an order from this Court reinstating his Motion for Summary Judgment. (Doc. 36.) Because the Court has addressed the merits of Fails' motion herein, Fails' motion will be denied as moot.

Based upon the foregoing, the Court issues the following:

### ORDER

1. The Clerk of Court is directed to amend the caption in this matter and change Defendant "Mr. Roland" to "Roland McGrath."

2. Mr. Fails' Motion for Summary Judgment (Doc. 26) is DENIED.

3. Mr. Fails' Motion to Reinstate Motion for Summary Judgment is (Doc. 36) is DENIED as moot.

DATED this 5th day of March, 2019.

Timothy J. Cavan
United States Magistrate Judge